Wardi.aw J.
delivered the opinion of the Court.
Upon the three first grounds of appeal, this Court is satisfied with the ruling below, and with the verdict, and deems it unnecessary to add anything to what is said in the Report. Upon the 4th ground, this Court is of opinion that there was error in the direction that “the lapse of six months being matter of defence, must be shewn by the defendant, if &c.” If the pleading had been set down at length, the defendant on his part would have pleaded that the misdemeanor was not committed within six months before the commencement of the prosecutiom *61 and put himself upon the country; the State would have taken issue; and the affirmative would clearly have been on the State. (See Hurst v. Parker, 1 Barn. & Ald., 92.)
If that issue had been found for the defendant, he would not, under our Acts, limiting the time of prosecutions as they have repeatedly been construed by our Courts, have been liable to any pecuniary penalty; although if found guilty on another issue, he would still have been subject to corporal punishment; (see State v. Dent, 469, Rich.) Under our practice of pleading ore tenus, in criminal cases, it has been directed in our cases, that where the issue of limited time is found for the defendant, and his guilt before the time found against him, the verdict should shew the finding by such words as “guilty, but at a time more than six months before the commencement of the prosecution.”
The defendant’s guilt has here been established by the verdict, but the question of time was not properly submitted to the jury, and there was no evidence to shew at what time before the commencement of the prosecution the offence was committed. The issue of time must then be taken to have been found for the defendant, and judgment be awarded accordingly.